FRANK BOWER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent CAROLYN LOUISE BOWER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bower v. Commissioner
Docket Nos. 3275-73; 4209-73
United States Tax Court
T.C. Memo 1974-202; 1974 Tax Ct. Memo LEXIS 121; 33 T.C.M. (CCH) 875; T.C.M. (RIA) 74202; July 31, 1974, Filed. Frank Bower and Carolyn Louise Bower, pro se. Jack A. Joynt, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioners' 1970 Federal income taxes as follows: Petitioner
Docket No.
Deficiency Frank Bower
3275-73
$160.00
Carolyn Louise Bower
4209-73
$233.94
*122 The sole issue for decision is which of two divorced parents is entitled to claim their child as a dependent for purposes of the dependency exemption. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner Frank Bower, a resident of Louisville, Kentucky when he filed his petition herein, filed his 1970 Federal income tax return with the district director of internal revenue at Louisville. Petitioner Carolyn Louise Bower, also a resident of Louisville when she filed her petition herein, filed her 1970 Federal income tax return with the district director at Louisville. Frank and Carolyn were married on July 9, 1965. Their only child, Andrew Bower, was born on February 17, 1967. Frank and Carolyn separated in August 1969, and since that time Andrew has lived continuously with Carolyn. On September 26, 1969, the Jefferson Circuit Court ordered Frank to pay the outstanding bills which he and Carolyn incurred during their marriage, totaling $737.50, and, in addition, to pay $15 per week alimony and $20 per week child support. On February 5, 1970 the Jefferson Circuit Court found that Frank was $170 in arrears in payment of alimony and child *123 support, and that he had not paid all the outstanding bills for 1969. Frank was ordered by the Court to pay alimony and child support promptly each Friday, and to appear in Court to show cause why he should not be punished for contempt for failure to pay the arrearage and the bills. In 1970 Frank paid at least $275.80 to Carolyn for expenses incurred for Andrew in 1969. On April 14, 1970, Frank and Carolyn were divorced. Carolyn was awarded custody of Andrew, and Frank was ordered to pay $25 per week child support for Andrew. However, the divorce decree did not state, nor did the parties enter into a written agreement providing, which petitioner was entitled to claim Andrew as a dependent for purposes of Federal income taxation. Throughout 1970, Andrew lived with his mother and another son by a prior marriage. During 1970 Frank paid the following sums for Andrew's support: Item
Amount Child support allocable to 1970
$1,205.00
Bicycle
57.71
Entertainment
50.00
Toys
100.00
Food
50.00
Transportation
50.00
Vacation 100.00
TOTAL $1,612.71
During 1970 Carolyn paid the following amounts for Andrew's support: Item
Amount Lodging (Andrew's 1/3)
$ 391.48
Telephone (Andrew's 1/3)
33.60
Gas and electric (Andrew's 1/3)
93.38
Water and sewer (Andrew's 1/3)
43.34
Transportation
100.00
Shively Day Nursery
698.60
Evening baby sitter
45.00
Accident insurance for nursery
2.00
Snacks for nursery
45.00
Vacation
50.00
Gym clothes
7.50
Andrew's Sunday School contributions
9.70
Haircuts
30.25
Weekly Reader Books
14.80
School pictures
8.50
Pets
28.30
Pharmacy supplies
74.46
Doctor's fees
84.00
Drugs
16.09
Clothes
258.47
Shoes
16.25
Toys and gifts
126.79
Laundry
10.20
Entertainment
170.00
Food
408.26
House cleaning (Andrew's 1/3)
173.33
Children's furniture
28.58
Birthday party at home
25.00
Birthday party at school
7.00
Christmas gifts made to family members in Andrew's name
58.99
House repairs (Andrew's 1/3)
121.88
Name marking kit
4.08
Miscellaneous expenses 10.00
TOTAL $3,194.83
*124 On their 1970 tax returns, both Frank and Carolyn claimed Andrew as a dependent. Respondent disallowed each petitioner's claimed dependency deduction because neither had established that he or she provided more than half of Andrew's support in 1970. In addition, respondent disallowed Carolyn's $635.80 child care expense deduction for Andrew on the ground that Andrew was not her dependent in 1970. OPINION The only issue in these cases is who, as between Frank and Carolyn, is entitled to claim Andrew as a dependent for 1970. Generally, under section 152(e) (1), [1] and in the absence of an agreement between the parties, if a child receives over half his support during the calendar year from his parents who are divorced, and such child is in the custody of one parent for more than half the year, the parent having custody (Carolyn) is treated as having provided over half such child's support. However, where, as here, the parent not having custody (Frank) provides $1,200 or more for the support of such child for the calendar year, he is treated as having provided over half the support for such child unless the parent having custody clearly establishes that she provided more *125 for the support of such child during the year. Section 152(e) (2) (B). We have found as a fact that Carolyn provided more than half the support for Andrew during 1970, and therefore she, and not Frank, is entitled to claim a dependency exemption for Andrew. She is also entitled to a child care deduction of $635.80 as claimed on her return. Frank testified that he paid $275.80 in 1970 for expenses incurred in 1969. Arrearages paid in the current year pursuant to a court order to satisfy unpaid liabilities incurred in a prior year do not count as child support in the year of payment. Thomas Lovett, 18 T.C. 477 (1952); section 1.152-1(a) (2) (iii) (a), Income Tax Regs.
Frank also testified that he spent $180.50 for entertainment, $145.08 for food based on spending 93 days with Andrew at $1.56 per day, $330 for transportation based on 3,000 miles at 11" per mile, and $200 for a two week vacation. However, his testimony was based solely on estimates, there is no supporting documentation for any of these expenditures, and much of his testimony was seriously *126 impeached on cross-examination and by Carolyn's rebuttal testimony. Frank failed to keep adequate records, receipts or cancelled checks to corroborate his testimony. We have accepted some of his testimony, but did not accept it all. We conclude that Frank contributed $1,612.71 for Andrew's support in 1970. On the other hand, most of Carolyn's testimony was supported with adequate documentation, including receipts and cancelled checks. Carolyn testified that her monthly house payment for the purchase of her house was $97.87, but she claimed that the fair rental value of her house was $150 per month. Because she had no proof of the fair rental value of her home, we have allowed only Andrew's proportional part of her house payments. We have disallowed nearly all of Carolyn's claimed automobile expenses. Her mother paid for the repair of the transmission. The amounts paid for parking at work, the installment payments for the automobile, and the cost of such items as car washes, de-icer spray, extra keys, anti-freeze, automobile inspection, car wax and upholstery cleaner do not appear to be part of the cost of supporting Andrew. Even if we were to accept Frank's estimates *127 at face value, Carolyn's proved expenses for Andrew exceeded Frank's estimates. There can, therefore, be no doubt that she has established her right to the exemption. In accordance with our factual determinations, Decisions will be entered for the respondent in Docket No. 3275-73 and for the petitioner in Docket No. 4209-73. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect in the year in issue. ↩